UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Edgard R.P.,                                             No. 26-cv-00834-SRB-JFD

    Petitioner,
                                                         **ORDER**
v.

Pamela Bondi, *et al.*,

    Respondents.

Before the Court is Petitioner Edgard R.P.'s ("Petitioner") Petition for a Writ of Habeas Corpus. (Doc. #1.) For the reasons below, the Court GRANTS the habeas petition.

## Background

Petitioner is a citizen of El Salvador. Petitioner entered and was removed from the United States in 2010. Petitioner reentered the United States in 2011 and applied for a U-Visa in 2020. Petitioner was issued a bona fide determination with work authorization and deferred action in 2024. On January 28, 2026, ICE detained him without a judicial or administrative warrant and commenced removal proceedings to reinstate a final removal order. Respondents' position is that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1231 or § 1225(b)(2).

## Analysis

A court may issue a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). And district courts have authority to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). That power "includes jurisdiction to hear habeas challenges to immigration-related detention." *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 965 (D. Minn. 2025). "The burden is on the petitioner to prove illegal detention by a preponderance of the evidence." *Id.*

1

Respondents provide that "[u]nder section 1231, detention is mandatory during the post-final order removal period." (Doc. #5, p. 3.) Because ICE has only commenced removal proceedings to reinstate a final removal order, and has not actually reinstated the removal order, the Court finds that Petitioner is not subject to mandatory detention under § 1231.

The Court also finds that because Petitioner is not "seeking admission," as set forth in § 1225(b)(2), that provision—which mandates detention—does not apply to him. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025). The same legal conclusion has been adopted by countless district courts around the country in similar cases, by the only Court of Appeals to have addressed the issue, and by many courts in this district.

The Court further concludes that immediate release is the appropriate remedy. Respondents contend that "[i]f the lack of a warrant is important, th[e]n Petitioner can bring that issue up with the Immigration Court; lack of a warrant does not affect his detention." (Doc. #5, p. 14.) The Court disagrees. "Section 1226 provides that '*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained.'" *Ahmed M. v. Bondi et al.*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026). The issuance of a warrant is a necessary prerequisite to even discretionary detention under § 1226(a). *Id.* Here, Petitioner "was arrested without issuance of any judicial or administrative warrant." (Doc. #1, p. 2.)

## ORDER

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's Petition for a Writ of Habeas Corpus (Doc. #1) is **GRANTED**.

2. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1231 or § 1225(b)(2) and **ENJOINS** Respondents from denying release or other relief on the basis that he is subject to such mandatory detention.

3. The Court **ORDERS** Respondents to immediately release Petitioner in Minnesota. When Petitioner is released, Respondents must return to him any property and documents that they have taken from him, including identity documents and immigration documents.

4. Finally, the Court **ORDERS** Respondents to notify the Court and opposing counsel within 24 hours of Petitioner's release, confirming that the release has occurred.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Date: February 5, 2026                                  *s/Stephen R. Bough*
                                                        Stephen R. Bough
                                                        United States District Judge